IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TY R. SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-11-288-L |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Ty Shelton ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act.  This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by protectively filing his applications seeking disability insurance benefits and supplemental security income payments in October, 2007 [125 - 130, 133 - 135, and 167].  He alleged that his difficulty in working with people and insomnia were caused by post traumatic stress disorder, hypertension, obesity, insomnia, lower back pain, and anxiety and that these conditions became disabling as of March 15, 2005 [Tr. 171]. Plaintiff's claims were denied and, at his request [Tr. 91 - 92], an Administrative Law Judge ("ALJ") conducted a July, 2009 hearing where Plaintiff, who was represented by counsel,

Plaintiff's mother, and a vocational expert testified [Tr. 31 - 67]. In his October, 2009 decision, the ALJ found that Plaintiff retained the capacity to perform his past relevant work as a harvest worker and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 10 - 27]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 3], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

## Standard of Review

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Id. at 299.

## Determination of Disability

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  See 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); see also Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments.  20 C.F.R. §§ 404.1512, 416.912; Turner v. Heckler, 754 F.2d 326, 328 (10th Cir. 1985).  Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  Turner, 754 F.2d at 328; Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents two issues on judicial review,[1] remand is required because the ALJ's finding at step four that Plaintiff had past relevant work as a harvest worker was erroneous and unsupported by substantial evidence.

**Analysis**

At step four of the sequential process, the ALJ found[2] as follows:

> The claimant is capable of performing past relevant work as a harvest worker, medium exertional level, unskilled.  This work does not require the

---

[1] Plaintiff's first claim of error is that the ALJ erred by failing to address the opinion of Plaintiff's counselor.  On remand, the adjudicator will have the opportunity to consider the counselor's opinion in light of any additional, updated evidence including any continued treatment by the counselor.  *See Watkins v. Barnhart,* 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

> performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> The vocational expert testified at the hearing that the claimant has past relevant work as follows: construction worker I, heavy exertional level, semi-skilled; mental retardation aide medium exertional level, skilled; welder helper, heavy exertional level, unskilled; and harvest worker, medium exertional level, unskilled. The claimant's current physical and mental residual functional capacity precludes the performance of his past relevant work as a construction worker, mental retardation aide, and welder helper, however the claimant is still capable of performing his past relevant work as a harvest worker, both as it is generally and actually performed. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.
>
> The claimant has not been under a disability, as defined in the Social Security Act, from March 15, 2005 through the date of this decision (20 CFR 404.1520(f) and 416.920(f).

[Tr. 26 - 27 (bolding omitted)].

In making this finding, the ALJ adhered to the sequential analysis established by Social Security regulations: "At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . ." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "Past relevant work" is defined, in turn, by the regulations as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. . . ." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (emphasis added). The issue raised on appeal is whether Plaintiff's work as a harvest worker – the only work which the ALJ found Plaintiff capable of performing in light of his residual functional capacity [Tr. 26] – qualified as substantial gainful employment.

A review of the documentation of record reveals that when asked to "[l]ist all the jobs that you had in the 15 years before you became unable to work because of your illnesses,

injuries, or conditions" [Tr. 171], Plaintiff listed the job title of "Pecan Picker (Contract Work)" for a "Pecan Farm" from October, 1999 through March, 2000 and stated that his rate of pay was $600 per month [Tr. 172]. See also Tr. 180 and 188. Social Security regulations provide that "[w]e will consider that your earnings from your work activity as an employee . . . show that you engaged in substantial gainful employment if . . . [y]our monthly earnings averaged more than . . . [$]700 [from] July 1999 - December 2000." 20 C.F.R. §§ 404.1574(b)(2)(i)(Table 1), 416.974(b)(2)(i)(Table 1). Thus, it is Plaintiff's contention that Plaintiff's work as a pecan picker did not qualify as substantial gainful employment – and, consequently, as past relevant work – because he earned less than $700 per month.

The Commissioner does not dispute the fact that Plaintiff's earnings as a pecan picker failed to meet the threshold required for that work to qualify as substantial gainful employment [Doc. No. 17, pp. 9 - 12]. Rather, the Commissioner maintains as follows:

> Although Plaintiff arbitrarily contends that his work as a "pecan picker" was the only job that "possibly matched the ALJ's finding of past relevant work as a harvest worker," Plaintiff provides no support to substantiate this contention. . . . In fact, contrary to Plaintiff's argument, the record shows that Plaintiff engaged in substantial gainful activity as a general laborer in a county yard in 2001 (Tr. 172, 180). Thus, there are clearly jobs that qualify as past relevant work that the vocational expert considered in finding that Plaintiff performed work as a harvest worker.

Id. at 11. In other words, the Commissioner is maintaining that the vocational expert classified a general laborer in a county yard, but not a pecan picker, as a harvest worker.[3]

---

[3]In this connection, the Commissioner states that because Plaintiff only performed the job as a "pecan picker" for five months, "it is unlikely that the vocational expert even considered this job in determining that Plaintiff's past relevant work included work as a harvest worker." *Id.* at p. 11, n.3.

The undersigned cannot agree.  With respect to Plaintiff's work in a "county yard," he described himself as a "general laborer" and stated that he lifted and carried a "chain saw to cut trees" as well as "tree limbs to shred." [Tr. 172, 180, and 182].  There is absolutely no indication from any document or testimony of record that Plaintiff's work as a general laborer involved any type of "harvesting."  Conversely, with regard to his work for a "pecan farm," Plaintiff stated that his job title was "pecan picker." [Tr. 172, 180, and 188 - 189].  The Dictionary of Occupational Titles[4] provides that the alternate title for a "harvest worker, fruit" is a "fruit picker."  See Dictionary of Occupational Titles 403.687-018 (4th rev. ed. 1991).[5]  Pecans are specifically referenced.  Id.  Thus, while Plaintiff's self-described work as a "pecan picker" clearly implicates that of a "harvest worker," there is nothing of record to suggest that the vocational expert classified Plaintiff's work as a general laborer in a county yard as harvest work.

The Commissioner's remaining defense of the ALJ's finding that Plaintiff was not disabled because he retained the ability to perform past relevant work as a harvest worker is that the ALJ was entitled to rely on the vocational expert's testimony [Doc. No. 17, pp. 11 - 12].  The Commissioner, however, has not directed the court to any authority suggesting that the ALJ is entitled rely on demonstrably erroneous testimony.  The vocational expert was simply mistaken in concluding that Plaintiff's work as a pecan picker – the only job performed by Plaintiff that

---

[4]The *Dictionary of Occupational Titles*, published by the Department of Labor, is one of several publications from which the Social Security Administration "will take administrative notice of reliable job information."   20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).

[5]This is the title which the Commissioner maintains encompasses Plaintiff's work as a general laborer in a county yard [Doc. No. 17, pp. 10 -11].

6

could legitimately be termed as harvest work – constituted  substantial gainful activity and, thus, past relevant work under governing Social Security regulations.  Accordingly, "substantial evidence is lacking to support the [Commissioner's]  determination that [Plaintiff's harvesting] work was substantially gainful and met the criteria for past relevant work."  Jozefowicz v. Heckler, 811 F.2d 1352, 1358 (10th Cir. 1987).

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by December 17th, 2011,  in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of November, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE